```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                     :
JEANELLE PINNOCK,                                    :
                                                     :      12 Civ. 1497 (PAE)
                             Plaintiff,              :
                                                     :      OPINION & ORDER
             -v-                                     :
                                                     :
CITY WORLD MOTOR LLC et al.,                         :
                                                     :
                             Defendants.             :
                                                     :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

On March 20, 2013, defendant City World Motor, LLC ("City World"), petitioned this Court by letter to confirm an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"), and to dismiss this case. Dkt. 34. On April 1, 2013, the Court issued an order directing plaintiff Jeanelle Pinnock to respond by April 17, 2013. Dkt. 35. The same day, City World served that order on Pinnock. *See* Dkt. 36. Pinnock did not submit a response.

For the following reasons, the Court confirms the arbitration award to City World.

**I.    Background**[1]

On March 17, 2011, Pinnock entered into a Motor Vehicle Lease Agreement with City World. Laffey Decl. Ex. B. That agreement stated, in pertinent part:

> You agree that any claims arising from or relating to this Lease or related agreements or relationships, including the validity, enforceability, arbitrability or scope of this Provision, at your or our election, are subject to arbitration. This includes, without limitation, claims in contract, tort, pursuant to statute,

---

[1] The Court's account of the underlying uncontested facts of this case is drawn from Pinnock's Complaint ("Compl."), Dkt. 2; defendants' memorandum of law in support of their previously-submitted motion to dismiss, Dkt. 16; and the declaration of Casey D. Laffey ("Laffey Decl.") and attached exhibits, Dkt. 15. Except where specifically referenced, no further citation to these sources will be made.

>regulation, ordinance or in equity or otherwise, and claims asserted by you against us, and the following Covered parties: Toyota Motor Credit Corporation and/or any of our or its affiliates and/or any of our or their employees, officers, successors, assigns or against any third party providing any product or service in connection with the Lease that you name as a co-defendant in any action against any of the foregoing.

*Id.* at 3.[2]

On February 28, 2012, Pinnock, proceeding *pro se*, filed the complaint in this action, alleging breach of contract and fraudulent misrepresentation arising out of her lease agreement with City World (which was later assigned to defendant Toyota Motor Credit Corporation and/or Toyota Financial Services (collectively, "the Toyota defendants")). Dkt. 2. Pinnock alleges that City World's repossession of her vehicle, following what City World alleges was Pinnock's failure to make the payments she owed, was unlawful because City World had taken out a loan in her name for the full amount of the lease and that, as such, the car "was purchased and fully paid for." Compl. 6–7. On May 29, 2012, the Toyota defendants moved to dismiss the complaint for failure to state a claim or, in the alternative, to compel arbitration pursuant to the FAA. Dkt. 14. Pinnock did not submit an opposition to the motion to dismiss.

By order dated June 25, 2012, the Court granted defendants' motion to compel arbitration, pursuant to the binding arbitration provision in Pinnock's contract with the defendants. The Court stayed the action pending the outcome of that arbitration. Dkt. 21.[3]

---

[2] At a conference with the Court on June 22, 2012, Pinnock conceded that the signature on the lease agreement is her own.

[3] Despite this stay and the Court's direction to Pinnock to pursue her claims in arbitration, Pinnock later filed two motions for summary judgment. Dkt. 23, 27. In response to each, the Court issued an order denying the motion and directing Pinnock to resolve the dispute by means of arbitration, which the parties had not yet begun, pursuant to the contract's binding arbitration provision. Dkt. 24, 30.

City World now informs the Court that the arbitration was held, resulting in an award in favor of City World dated January 30, 2013. *See* Dkt. 34 (attaching JAMS Arbitration No. 1425012167 Award ("Award")). City World represents that the Toyota defendants "did not participate in the Arbitration by reason of the fact that plaintiff chose not to include them in the arbitration proceedings," that "[p]rior to the arbitration, the case administrator . . . confirmed that Ms. Pinnock did not intend to proceed against the Toyota [d]efendants," and that "at the Hearing, the arbitrator similarly confirmed that Ms. Pinnock did not intend to proceed any further against the Toyota defendants." *Id.* at 1. City World asks that the Court therefore confirm the arbitration award and dismiss the case.

## II.    Discussion

The FAA provides a "streamlined" process for a party seeking a "judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall St. Assocs. L.L.C. v. Mattell, Inc.*, 552 U.S. 576, 582 (2008). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). But "[a]rbitration awards are not self-enforcing." *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds by Hall St.*, 552 U.S. 576. Rather, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair*, 462 F.3d at 104.

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Willemijn Houdstermaatschappij, BV v. Standard*

*Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). "To ensure that the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation are met, arbitration awards are subject to very limited review." *NYKcool A.B. v. Pac. Fruit Inc.*, No. 10 Civ. 3867 (LAK)(AJP), 2010 WL 4812975, at *5 (S.D.N.Y. Nov. 24, 2010) (collecting recent Second Circuit cases). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union, AFL–CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

Here, where Pinnock has not responded to City World's request, the Second Circuit counsels that this Court "should treat an unanswered . . . petition to confirm [or] vacate as an unopposed motion for summary judgment." *D.H. Blair*, 462 F.3d at 110. Accordingly, the Court treats City World's request as a motion for summary judgment under Federal Rule of Civil Procedure 56.

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial . . . .").  Similarly, on an unopposed motion for confirmation of an arbitration award, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.  If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." *D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

Here, City World has demonstrated that there is no genuine issue of material fact in dispute.  The lease agreement, which Pinnock herself admits to having signed, clearly provides for arbitration of all disputes such as this one.  That arbitration was held, and the arbitrator found, based upon testimony and evidence, that "the contract was a lease[,] not a sale.  The property was never hers.  She stopped making payments and the repossession was lawfully carried out."

Dkt. 34 at 6 (Award). The limited review conducted by this Court reveals no evident defect in the arbitral proceeding.

## CONCLUSION

For the reasons stated above, the arbitration award in favor of City World is confirmed, and the case is dismissed. The Clerk of Court is directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: May 17, 2013
       New York, New York